IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HOLLY WHITE | § |
| | § |
| VS. | § |
| | § CIVIL NO. 2:01CV058 -TJW |
| TIGER MISSING LINK FOUNDATION, INC. | § JURY DEMAND |
| D/B/A TIGER CREEK WILDLIFE REFUGE; | § |
| BRIAN WERNER, INDIVIDUALLY AND D/B/A | § |
| TIGER MISSING LINK FOUNDATION AND/OR | § |
| TIGER CREEK WILDLIFE REFUGE; TERRI BLOCK, | § |
| INDIVIDUALLY AND D/B/A TIGER MISSING LINK | § |
| FOUNDATION AND/OR TIGER CREEK WILDLIFE | § |
| FOUNDATION; AND, RON DIXON | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Holly White and files this Original Complaint respectfully showing the following:

### I.

### PARTIES

1.  Plaintiff, **Holly White,** is a citizen of the state of Pennsylvania residing at 5B Joann Road, Bartonsville, Pennsylvania.

2.  Defendant, **Tiger Missing Link Foundation, Inc. d/b/a Tiger Creek Wildlife Refuge,** is an Ohio corporation with its principal place of business located at 17544 FM Road 14, Tyler, Smith County, Texas 75706. At all times material hereto, Tiger Missing Link Foundation, Inc. d/b/a Tiger Creek Wildlife Refuge was doing business in the state of Texas.

3. Defendant, **Brian Werner, Individually and d/b/a Tiger Missing Link Foundation and/or Tiger Creek Wildlife Refuge,** is an individual with his residence and principal place of business located at 17544 FM Road 14, Tyler, Smith County, Texas 75706.

4. Defendant, **Terri Block, Individually and d/b/a Tiger Missing Link Foundation and/or Tiger Creek Wildlife Refuge,** is an individual with her residence and principal place of business located at 17544 FM Road 14, Tyler, Smith County, Texas 75706.

5. Defendant, **Ron Dixon,** is an individual with his residence and principal place of business located at 8044 CR 313. Tyler, Smith County, Texas.

II.

## JURISDICTION AND VENUE FACTS

6. As there is complete diversity of citizenship as shown in the preceding paragraphs, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, this court has jurisdiction pursuant to 28 U.S.C. 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) as the accident in which Holly White suffered injuries and damages occurred within the Eastern District of Texas and thus a substantial part of the events giving rise to this claim occurred in the Eastern District of Texas.

III.

## NATURE OF THE ACTION

8. On March 31, 1999, Holly White sustained serious personal injuries as a result of a tiger attack which occurred on the premises of Tiger Missing Link Foundation, Inc.

d/b/a Tiger Creek Wildlife Refuge, located at 17544 FM Road 14, Tyler, Smith County, Texas 75706.

9. Defendants owned or possessed the tiger which attacked Plaintiff. The tiger was kept for the purpose of exhibition, breeding, scientific research or personal use. As such, Defendants are legally responsible for any injuries or damages caused by virtue of their ownership or possession of this wild animal.

IV.

## CAUSES OF ACTION

10. **Strict Liability**

Since Defendants owned and possessed a wild animal in captivity, they are strictly liable for any injury caused by the animal.

11. **Negligence**

Defendants knew or should have known of the dangerous propensities of the animal and failed to exercise ordinary and due care in their maintenance of the animal in captivity. Defendants also failed to exercise ordinary care in protecting the public, including Plaintiff, from injury. Defendants knew that Plaintiff and others would be in close proximity to the animal and failed to adequately instruct and supervise them regarding safe interaction with the animal.

12. **Negligence Per Se**

On the occasion in question, Defendants were guilty of violations of the Animal Welfare Act, 9 C.F.R., Parts 2 and 3, which violations constitute negligence per se.

13. **Premises Liability**

Defendants either owned, occupied or controlled the premises where the attack occurred. Defendants failed to exercise ordinary care to protect Plaintiff from danger in that they failed to adequately warn Plaintiff and they failed to make the condition of the premises reasonably safe.

V.

## ACTUAL DAMAGES

14. Defendant's acts or omissions as described above were a producing and/or proximate cause of the incident in question and Plaintiff's resulting injuries and damages. Plaintiff would respectfully request that a jury determine the amount of loss she has sustained.

VI.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

15. Defendants are liable for gross negligence. Their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Holly White. Since Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, the Defendants are liable and should be held accountable for exemplary damages, for which Plaintiff brings suit.

VII.

## JURY DEMAND

16. Plaintiff requests a trial by jury.

## VIII.

## PREJUDGMENT INTEREST

17. Plaintiff seeks prejudgment interest as allowed by law.

## IX.

## PRAYER

18. Plaintiff prays that Defendants be cited to appear and answer herein as required by law and that on final hearing, Plaintiff have judgment against the Defendants for her actual damages as found by the jury, together with prejudgment and post-judgment interest as provided by law, costs of suit and for such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

MICHAEL ACE, P.C.

By: _____
Michael Ace
State Bar No. 00828800

400 First Place
100 E. Ferguson
Tyler, Texas 75702
Telephone: 903/595-1552
Telecopier: 903/593-9748

ATTORNEY FOR PLAINTIFF