

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HOLLY WHITE,<br>Plaintiff, | § § § | |
| | § | CIVIL NO. 2-01CV058 |
| vs. | § § | |
| TIGER MISSING LINK FOUNDATION, INC.<br>d/b/a TIGER CREEK WILDLIFE REFUGE;<br>BRIAN WERNER, INDIVIDUALLY and d/b/a<br>TIGER MISSING LINK FOUNDATION and/or<br>TIGER CREEK WILDLIFE REFUGE; TERRI<br>BLOCK, INDIVIDUALLY and d/b/a TIGER<br>MISSING LINK FOUNDATION and/or TIGER<br>CREEK WILDLIFE FOUNDATION and RON<br>DIXON,<br>Defendants | § § § § § § § § § § | |

## ANSWER OF BRIAN WERNER

NOW COMES BRIAN WERNER, one of the defendants in the above-entitled action (hereinafter referred to as Defendant), and for answer to Plaintiff's Original Complaint filed herein, says:

**1.  Plaintiff's Allegations**

Defendant admits the allegations in Paragraphs 2, 3, and 4, except that Plaintiff denies the allegations that BRIAN WERNER and TERRI BLOCK are or were at the time doing business as TIGER MISSING LINK FOUNDATION and/or TIGER CREEK WILDLIFE REFUGE. Defendant admits that Plaintiff was injured and that the premises were owned by BRIAN WERNER, but denies that they were occupied or controlled by any of the Defendants. Defendant denies owning or possessing the tiger in question, and denies legal responsibility for the alleged injuries or damages. Defendant denies the other



ANSWER
Civil No. 2-01CV058
White v. Tiger Missing Link Foundation, Inc., et. al. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

allegations in Paragraphs 10 - 18. Plaintiff does not have sufficient information to admit or deny any of the other allegations made by Plaintiff.

## 2. Affirmative Defenses

Plaintiff's injuries, if any, were due partially or wholly to her own negligence and/or gross negligence. Plaintiff assumed the risks of the alleged incident. Plaintiff has also executed a release agreeing to hold Defendant harmless from any liability for the alleged incident.

Plaintiff's injuries, if any, were due partially or wholly to the negligence and/or gross negligence of Ron Dixon. Defendant was not in control of the premises at the time of the alleged incident.

Defendant is immune to Plaintiff's claims under the Charitable Immunity and Liability Act of 1987. Defendant asserts all of its rights and the applicable rights of its members under the Texas Uniform Unincorporated Nonprofit Association Act.

## 3. Attorney's Fees and Expenses

It was necessary for BRIAN WERNER to secure the services of SEAN P. HEALY, a licensed attorney, to prepare and defend this suit. A judgment for attorney's fees and expenses through final judgment after appeal should be granted against Plaintiff and in favor of BRIAN WERNER for the use and benefit of Defendant's attorneys; or, in the alternative, Defendant requests that reasonable attorney's fees and expenses through final judgment after appeal be taxed as costs and be ordered paid directly to the Defendant's attorney, who may enforce the order for fees in the attorney's own name.

## **PRAYER**

Defendant prays that Plaintiff take nothing, that Defendant be granted all relief requested herein, and further prays for general relief.

Respectfully submitted,

**HEALY LAW OFFICES, P.C.**
309 E. Erwin
Tyler, Texas 75702
TEL: (903) 592-7566
FAX: (903) 593-1543

_____
SEAN P. HEALY
State Bar Card 00785953

Attorney for Defendant

### CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each of the persons named below, via certified mail/return receipt requested, on April 23, 2001.

Michael Ace
Michael Ace, P.C.
100 E. Ferguson
400 First Place
Tyler, Texas 75702

_____
SEAN P. HEALY
Attorney for Defendant